UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CLEOPHANS KILGORE,

        Plaintiff,                             Case No. 1:12-cv-966

v.                                                Honorable Gordon J. Quist

LYNN KONCZAL,

        Defendant.
_____/

**OPINION**

This is a civil rights action brought by a state prisoner, which the Court construes as an action pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*, and Plaintiff will pay the initial partial filing fee when funds become available. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, Plaintiff's action will be dismissed for failure to state a claim.

**Factual Allegations**

Plaintiff Cleophans Kilgore is incarcerated at the Parnall Correctional Facility in Jackson, Michigan. He sues Lynn Konczal, who is a "Caseworker For Salvation Army Housing" at the Guiding Light Mission in Grand Rapids. (Compl. 2, docket #1.)

On October 21, 2011, Konczal allegedly filed a false police report with the Grand Rapids Police Department claiming that Plaintiff arranged to have an individual approach her and say, "Kilgore say[s] you better watch out." (*Id.* at 3.) Plaintiff contends that the police investigated the report and determined that the accusation was not true. Konczal then told Plaintiff's parole agent that the same individual approached her a second time, pushed her down, and stated that "Kilgore said to do this." (*Id.*)

In addition, Plaintiff asserts that he wanted to apply for a Salvation Army housing program, but Konczal did not want him or any other African-American man to apply. Plaintiff alleges that Konczal is a member of a white supremacy group, "NEO NAZI," and that she has a "racial attitude" toward African-American men. (*Id.*) She will not let African-American men apply for that program, and if any African-American women try to apply, she charges them a fee. According to Plaintiff, the Salvation Army housing program is funded by the federal government for the purpose of providing affordable housing.

In short, Plaintiff contends that Konczal made false accusations against him to the police and to his parole officer, and discriminated against him by preventing him from applying for The Salvation Army's housing program. As relief, Plaintiff seeks Konczal's arrest, an investigation into her conduct, and damages.

## Discussion

A complaint may be dismissed for failure to state a claim if "'it fails to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678

(2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

    To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws. *West v. Atkins*, 487 U.S. 42, 48 (1988). Moreover, the plaintiff "'must allege that he was deprived of [that right] . . . *by a person acting under color of state law*.'" *Paige v. Coyner*, 614 F.3d 273, 278 (6th Cir. 2010) (quoting *Wolotsky v. Huhn*, 960 F.2d 1331, 1335 (6th Cir. 1992)). Plaintiff's § 1983 claim fails at this step because he has not alleged conduct by a person acting under color of state law. The Guiding Light Mission is a private, non-profit organization,[1] as is The Salvation Army. Thus, Defendant Konczal is not an employee of the state, and to the extent that she acted on behalf of one or more of those organizations, she was a nominally private actor.

---

[1] *See* Guiding Light Mission, http://www.lifeonthestreet.org.

Conduct by a private party may give rise to a § 1983 claim if that conduct is "fairly attributable to the state." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982). The Sixth Circuit has identified four tests used by the Supreme Court to determine whether the actions of private individuals should be attributed to the state: "(1) the public function test; (2) the state compulsion test; (3) the symbiotic relationship or nexus test; and (4) the entwinement test." *Vistein v. Am. Registry of Radiologic Technologists,* 342 F. App'x 113, 127 (6th Cir. 2009) (citing *Wolotsky v. Huhn*, 960 F.2d 1331, 1335 (6th Cir. 1992); *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 298 (2001)). Those tests can be summarized as follows:

> The public function test requires that the private entity exercise powers that are traditionally exclusively reserved to the State, such as holding elections, *Flagg Bros. v. Brooks*, 436 U.S. 149, 157 (1978), or exercising the power of eminent domain. *See Jackson v. Metropolitan Edison Co.*, 419 U.S. 345, 353 (1974).
>
> The state compulsion test requires that a State has "exercised such coercive power or has provided such significant encouragement, either overt or covert, that the choice must in law be deemed to be that of the State." *See Blum v. Yaretsky*, 457 U.S. 991, 1004 (1982). More than mere approval or acquiescence in the initiatives of the private party is necessary to hold the State responsible for those initiatives. *Id.*
>
> Under the symbiotic relationship or nexus test, the action of a private party constitutes state action when there is a sufficiently close nexus between the State and the challenged action of the regulated entity so that the action of the latter may be fairly treated as that of the State itself. *See Jackson*, 419 U.S. at 357-58; *Burton v. Wilmington Parking Auth.*, 365 U.S. 715, 724-25 (1961).
>
> The entwinement test requires that the private entity be "entwined with governmental policies" or that the government be "entwined in [the private entity's] management or control." *Brentwood*, 531 U.S. at 296 (citing *Evans v. Newton*, 382 U.S. 296, 299, 301 (1966)). The crucial inquiry under the entwinement test is whether the "nominally private character" of the private entity "is overborne by the pervasive entwinement of public institutions and public officials in its composition and workings [such that] there is no substantial reason to claim unfairness in applying constitutional standards to it." *Id.* at 298. The fact that a public entity has acted in compliance with a private entity's recommendations does not transform the private entity into a state actor. *Nat'l Collegiate Athletic Ass'n v. Tarkanian*, 488 U.S. 179 (1988).

*Vistein*, 342 F. App'x at 127-28 (parallel citations omitted).

Plaintiff's allegations are not sufficient to show conduct attributable to the state under any of the foregoing tests. Applying the first test, the provision of affordable housing is not a public function traditionally reserved to the state. *See Hodges v. Metts*, 676 F.2d 1133, 1137 (6th Cir. 1982) ("One cannot seriously contend that the provision of low- and moderate-income housing is exclusively a public enterprise."); *see also George v. Pathways to Housing, Inc.*, No. 10 Civ. 9505(ER), 2012 WL 2512964, at *4 (S.D.N.Y. June 29, 2012) (holding that a non-profit's decision to terminate the plaintiff's application for emergency housing is not attributable to the state, citing *Lindsey v. Normet*, 405 U.S. 56, 74 (1972) (there is no "constitutional guarantee of access to dwellings of a particular quality"), and *Acevedo v. Nassau Cnty.*, 500 F.2d 1078, 1080-81 (2d Cir. 1974) (county has no constitutional or statutory duty to provide low-income housing)). Thus, to the extent that Defendant prevented Plaintiff from applying for The Salvation Army's housing program, she was not engaged in a public function. Likewise, Defendant was not engaged in a public function when she reported threats and an assault against her to the local police and to Plaintiff's parole officer.

Applying the remaining three tests, Plaintiff's allegations do not suggest any state involvement in Defendant's conduct, much less state compulsion, state encouragement, or state control. Plaintiff merely alleges that The Salvation Army's housing program has received *federal* funding. Absent other allegations showing a connection between the state and the challenged conduct, however, even *state* funding is not sufficient to transform private action into state action for purposes of a § 1983 claim. *See Wolotsky*, 960 F.2d at 1336 ("The actions of a private entity do not become state action merely because the government provides substantial funding to the private party."). For the foregoing reasons, therefore, Plaintiff has not alleged an essential element of a

§ 1983 claim, *i.e.*, conduct by an individual acting under color of state law. Consequently, his action under § 1983 must be dismissed for failure to state a claim.[2]

## Conclusion

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's action will be dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $455.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $455.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A Judgment consistent with this Opinion will be entered.


Dated: November 15, 2012             /s/ Gordon J. Quist
                                     GORDON J. QUIST
                                     UNITED STATES DISTRICT JUDGE

---

[2] To the extent that Plaintiff also intends to assert claims arising under state law, the Court declines to exercise jurisdiction over such claims. *See* 28 U.S.C. § 1367(c)(3).